NO. 07-08-0329-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 20, 2008
_____

ALLEN LEE BELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 106TH DISTRICT COURT OF GARZA COUNTY;

NO. 04-2216; HONORABLE CARTER T. SCHILDKNECHT, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ON ABATEMENT AND REMAND**

Appellant, Allen Lee Bell, appeals his conviction for sexual assault and sentence of 10 years incarceration in the Institutional Division of the Texas Department of Criminal Justice. Because of conflicting information contained in the clerk's record for this cause, we abate and remand to the trial court for clarification.

After a careful examination of the clerk's record in this cause, we are unable to determine the date sentence was imposed in open court. The Judgment indicates that appellant was sentenced on June 8, 2008. Appellant's notice of appeal is dated July 29,

2008.  Based on the date of sentencing identified in the Judgment, appellant's notice of appeal was untimely filed.  However, the clerk's record also contains a copy of the trial court's docket, which states that the case was called and heard on July 8, 2008.  Further, there are two interlineations contained in the Judgment that change a pre-printed June 8 date to July 8.  Because the date sentence is imposed in open court is essential in determining the time in which an appeal may be perfected, see Tex. R. App. P. 26.2(a), we abate and remand the cause to the 106th District Court of Garza County for a determination of the appropriate sentencing date.  See Flores v. State, No. 07-06-0349-CR, 2006 Tex.App. LEXIS 9081, at *1-*2 (Tex.App.–Amarillo 2006, no pet.).

Upon remand, the trial court shall determine the date that sentence was imposed in open court in this cause.  The trial court shall also cause to be developed a supplemental clerk's record containing a finding of fact identifying the date upon which appellant's sentence was imposed in open court.  The trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before September 12, 2008.  Should additional time be needed to perform these tasks, the trial court may request same on or before September 12, 2008.

It is so ordered.

Per Curiam

Do not publish.